## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BASIC SPORTS** | § | |
| **APPAREL, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | **EP-14-CV-169-PRM** |
| **v.** | § | |
| | § | |
| **GRUPO ESPIRAL, L.C.,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION
## AND ORDER GRANTING MOTION FOR LEAVE
## TO REFILE AMENDED ANSWER AND COUNTERCLAIMS

On this day, the Court considered Defendant Grupo Espiral, L.C.'s "Opposed Motion for Leave to Refile Amended Answer and Counterclaims" (ECF No. 34) [hereinafter "Motion"], filed on January 22, 2015; Plaintiff Basic Sports Apparel, Inc.'s "Response to Defendant's Motion for Leave to Refile Amended Answer and Counterclaims" (ECF No. 37) [hereinafter "Response"], filed on February 3, 2015; and Defendant's "Reply Re: Motion for Leave to Refile Amended Answer and Counterclaims" (ECF No. 38) [hereinafter "Reply"], filed on February 6, 2015, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be granted for the reasons that follow.

1

# I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on May 7, 2014 asserting inter alia that Defendant violated its trademark "SPIRAL."  ECF No. 1.  On November 19, 2014, Defendant filed its "Amended Answer to Plaintiff's Original Complaint and Counterclaim[s]"; ECF No. 25, however, these counterclaims were subsequently voided by the United States Bankruptcy Court for the Western District of Texas ("Bankruptcy Court") for the reasons discussed below, Mot. 1.  In its Motion, Defendant asks the Court for leave to refile its counterclaims.[1]  *Id.* 2.  Plaintiff is opposed to this request.  Resp. 5.

Pursuant to the Court's Scheduling Order (ECF No. 12), any amendments to the pleadings were due to be filed by August 25, 2014.  However, the parties mutually agreed to extend the deadline for amending the pleadings to November 20, 2014.[2]  Def. Grupo Espiral, L.C.'s Notice Concerning Agreed Amendment to the Scheduling Order

---

[1] Defendant also asks the Court for permission to file its Amended Answer to Plaintiff's Complaint.  Plaintiff is unopposed to that request.  Accordingly, Defendant's request to file its Amended Answer is granted.

[2] Federal Rule of Civil Procedure 16(b)(4) states that a court's consent is required in order to modify a scheduling order.  In this instance, the parties modified the scheduling order without the consent of the Court.  However, as neither party has raised this issue, the Court will consider Defendant's initial filing of its counterclaims as timely.

1, Aug. 22, 2014, ECF No. 16.  Thus, the Court must now determine whether Defendant should be allowed to file its counterclaims well past the mutually agreed-upon deadline.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order issued by a court "may be modified only for good cause and with the judge's consent."  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, courts consider "(1) the [movant's] explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *Id.* at 536 (second, third, and fourth alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (internal quotation marks omitted).

3

## III.  ANALYSIS

### A.    Defendant's Explanation for Untimeliness

The Court must first consider Defendant's explanation for its request to file its counterclaims beyond the deadline.  As already noted, Defendant filed its initial "Amended Answer to Plaintiff's Original Complaint and Counterclaim" on November 19, 2014 pursuant to the agreed-upon extension.  In its counterclaims, Defendant sought (1) a declaration of rights in the mark "ESPIRAL" and (2) a cancellation or partial cancellation of U.S. Registration 2,218,515 (Plaintiff's "SPIRAL" trademark).[3]  ECF No. 25.  On November 26, 2014, Plaintiff filed its "Motion to Dismiss Defendant's Counterclaims" (ECF No. 28).  Therein, Plaintiff informed the Court that it filed for bankruptcy on April 21, 2014 and that Defendant's counterclaims violated the automatic stay imposed by the bankruptcy filing.  Pl.'s Mot. Dismiss Def.'s Countercl. 1–2, ECF No. 28.

Pursuant to 11 U.S.C. § 362, filing for bankruptcy imposes an automatic stay of "the commencement . . . of a judicial . . . action or

---

[3] The Court notes that Defendant's initial counterclaims also included a request for attorney's fees.  However, the Bankruptcy Court did not authorize Defendant to seek monetary relief from Plaintiff.  Accordingly, in its Reply, Defendant omitted its request for attorney's fees.  Reply 2.

proceeding against the debtor."  Thus, in order to file a counterclaim against a party that is in bankruptcy proceedings, a party must first move to lift the automatic stay.  11 U.S.C. § 362(d); *see also BroadStar Wind Sys. Grp. Ltd. Liab. Co. v. Stephens*, 459 F. App'x. 351, 356 (5th Cir. 2012) ("If the action . . . involves counterclaims against the debtor, the automatic stay will apply.  A party may, however, be granted relief from the automatic stay in order to continue litigation." (citations omitted)).  In this case, Defendant failed to do so.

Only after Defendant filed its counterclaims did it file a motion with the Bankruptcy Court to annul or terminate the automatic stay. Mot. Ex. A.  In ruling on that motion, the Bankruptcy Court declared that Defendant had violated the automatic stay by filing its counterclaims prior to seeking relief from the automatic stay and that the counterclaims filed were void.  *Id.*  However, the Bankruptcy Court lifted the automatic stay prospectively to allow Defendant to refile its counterclaims if permitted to do so by the Court.  *Id.*

Defendant thus asserts that it would have met the deadline for filing its counterclaims but for its failure to obtain relief from the automatic stay.  Mot. 2.  Defendant further states that "having now

5

obtained relief from the automatic stay, [Defendant] is promptly requesting that it be allowed to refile its amended answer and counterclaims." *Id.* In contrast, Plaintiff alleges that Defendant "blatantly violated the automatic stay," Resp. 5, and that Defendant timed its filing of counterclaims "for when it would do the most damage to [Plaintiff] in its bankruptcy proceeding,"[4] *id.* 4.

Defendant initially filed its counterclaims in a timely manner pursuant to the deadlines agreed upon by the parties. Although Defendant should have been aware of the necessity of seeking relief from the automatic stay prior to filing its counterclaims, Defendant sought relief from the Bankruptcy Court as soon as Plaintiff informed Defendant about the violation of the automatic stay. While Defendant did not explain why it failed to seek relief from the automatic stay, the Court does not find that the violation was blatant; there is no evidence that the violation was anything but inadvertent. Thus, the Court

---

[4] Plaintiff has provided no basis or evidentiary support for its argument that Defendant timed the filing of its counterclaims to do the most damage. Defendant filed its counterclaims one day before the deadline agreed upon by the parties. As Plaintiff consented to extend the date for filing counterclaims to November 20, 2014, it should have come as no surprise to Plaintiff that a counterclaim was filed on November 19, 2014.

6

determines that Defendant has given a sufficient explanation for its failure to file timely its counterclaims.

## B.     Importance of Defendant's Counterclaims

The second factor that the Court must consider is whether the proposed counterclaims are important.  Defendant asserts that its "counterclaims promote judicial economy" because a declaration or cancellation of the trademark would "minimize the possibility for future litigation between the parties."  Mot. 3.  Plaintiff does not dispute this claim.  The Court thus finds that the amendment is important because its preclusion at this juncture may avoid future litigation involving the same parties.  Moreover, it would waste judicial resources to litigate these issues in multiple lawsuits.

## C.     Potential Prejudice to Plaintiff

The Court must next consider whether allowing Defendant to file its counterclaims would cause prejudice and whether such prejudice may be cured by a continuance.  Defendant avers that filing its counterclaims will not cause prejudice to Plaintiff "because 'abandonment' is already in the case as a defense, and the questions of trademark rights and likelihood of confusion are also already in the

case." *Id.* 3.  Moreover, because these factual issues are already in the case, Defendant asserts that "no additional discovery or continuance is needed." *Id.*

Plaintiff, however, contends that "[a]llowing the Counterclaims to be filed at this stage of the reorganization proceeding may adversely affect confirmation of [Plaintiff's Bankruptcy Reorganization Plan], which has already been transmitted to creditors for balloting." Resp. 5. Plaintiff also claims that this may "adversely affect the post-confirmation financial performance of the Debtor if its trademark is cancelled or partially cancelled." *Id.*  The Court understands that Plaintiff will likely be prejudiced by cancellation of its trademark, which it considers to be a valuable asset.  However, if this were something that the Court could take into consideration, then every counterclaim filed past a scheduling order deadline would cause prejudice because every counterclaim necessarily involves some chance of an unfavorable outcome for the counter-defendant.[5]  Read in context with the fourth factor—the availability of a continuance to cure prejudice—the

---

[5] Moreover, the Bankruptcy Court was well aware that cancellation of Plaintiff's trademark could adversely affect Plaintiff, yet it nonetheless lifted the stay so that Defendant could pursue its counterclaims.

prejudice factor is more concerned with issues of notice and preparation, including discovery, which would cause one party to be less prepared for a trial than another.

Plaintiff also argues that Defendant "should not be rewarded now with the ability to file its Counterclaims after the discovery deadline in this case has passed." *Id.* However, Plaintiff does not claim that additional discovery would be required; nor does it dispute Defendant's claim that no additional discovery would be required. The Court finds that it is unlikely that additional discovery would be required because the counterclaims involve the same trademark and the same set of facts involved in Plaintiff's Complaint.

Furthermore, Plaintiff was given notice of the counterclaims within the parties' mutually agreed-upon deadline for amendments to the pleadings. Plaintiff was also given notice of Defendant's intention to file counterclaims, as Defendant filed a motion to extend deadlines on August 4, 2014 stating that it needed more time to research whether any counterclaims would be supported by the evidence. Unopposed Mot. Extend Scheduling Order Deadlines 1, ECF No. 14.

Accordingly, the Court finds that such prejudice does not exist in this case because the parties have nearly three months to prepare for the current non-jury trial setting, no new discovery is necessary, and Plaintiff has been on notice about these counterclaims for several months.

Having considered the above factors,[6] the Court concludes that good cause exists to allow Defendant to refile its counterclaims.

Accordingly, **IT IS ORDERED** that Defendant Grupo Espiral, L.C.'s "Opposed Motion for Leave to Refile Amended Answer and Counterclaims" (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that the **CLERK** shall **FILE** Defendant's "Amended Answer to Plaintiff's Original Complaint and Counterclaim" (ECF No. 38-2).

SIGNED this ___23___ day of **February, 2015**.

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

---

[6] As the Court has determined that no prejudice exists, the Court will not consider the last factor—availability of a continuance to cure prejudice.